# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL FRANKLIN, <br><br> PLAINTIFF, <br><br> and <br><br> WELLS FARGO BANK, N.A., <br><br> PAYPAL, INC., WESTERN UNION & <br><br> JOHN DOE <br><br> DEFENDANT. | Case No.: |

## COMPLAINT FOR DAMAGES

Plaintiff, MICHAEL FRANKLIN, by and through the undersigned, brings a complaint for damages against Defendants WELLS FARGO BANK, N.A., PAYPAL, INC., WESTERN UNION & JOHN DOE and, in support thereof, asserts as follows:

### SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

1

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because upon information and belief Defendant John Doe is not a resident of United States and therefore there is no district in which an action may otherwise be brought. Defendant John Doe is an alien is engaged in causing harm to Plaintiff within this district and is subject to the Court's personal jurisdiction.

## PERSONAL JURISDICTION

5. This is an action for damages and restitution against Wells Fargo, PayPal, and Western Union pursuant to the federal laws of the United States of America.

6. Plaintiff Michael Franklin is natural person and resides at 155 9th Ave NE, St. Petersburg, FL 33701.

7. Defendant Wells Fargo is a bank with its principal office at Corporate-420 Montgomery Street, San Francisco, CA 94104.

8. Defendant PayPal is an electronic commerce company facilitating payments between parties through online funds transfers and has its principal office at 2. 222 N. 1st St San Jose, CA 95131.

9. Defendant Western Union is a financial service corporation that facilitates money transfers between jurisdictions and is headquartered at 7001 E. Belleview, Denver, CO 80237.

10. Defendant John Doe is an unknown hacker who accessed Plaintiff's electronic devices and debit card in Florida and hacked his accounts to cause unauthorised transactions.

## RELEVANT FACTS

11. Plaintiff maintains a bank account with Wells Fargo ("**Account**"), which is the primary channel for his financial transactions.

12. Between September 7, 2023 and September 9, 2023, Plaintiff was a victim of hacking and subsequent extortion. Plaintiff's Account was accessed without due authorization by an unknown hacker ("John Doe"). Plaintiff's Wells Fargo account was compromised on his electronic devices. In addition, there were breaches in his online PayPal accounts.

13. Subsequently, the unauthorized transfers were initiated through Crypto.com, Paypal and Western Union using Plaintiff's Account without Plaintiff's knowledge or authorization.

14. Plaintiff made efforts to communicate with various personnel within the Wells Fargo Card Claims Department and the Escalations Bureau. Attempts were made to establish communication with PayPal, Western Union, and Crypto.co On

November 11, 2023 Defendant Wells Fargo sent a letter to Plaintiff alleging that either Plaintiff knew John Doe, or he had authorised the transactions himself. A copy of the claim rejection letter is attached as **Exhibit-1**.

15. Plaintiff reported the fraudulent transactions to St. Petersburg Police on September 9, 2023. The report from the St. Petersburg Police Department confirmed incidents of unauthorized access to the Plaintiff's accounts. The police report demonstrates that Plaintiff was subjected to extortion and hacking scheme and did not authorize the transactions. The St. Petersburg Police Report and evidence provided to police is attached as **Exhibit-2**.

16. Despite Plaintiff having filed a police report regarding these illicit trade transactions, Wells Fargo and PayPal refused to acknowledge that Plaintiff was defrauded. Although initially rejecting the fact that Plaintiff was defrauded, Defendant Wells Fargo's customer service team alerted the fraud team in late November.

17. A total deduction of $36,170 had occurred from Plaintiff's account. However, Wells Fargo credited only $27,030.81, failing to explain the discrepancy in the credited amount compared to the total deducted. Detailed itemization of the $36,170 deduction was available, yet the explanation behind the disparity in the credited amount remain unresolved.

18. Contrarily, Wells Fargo asserted that Plaintiff needed to return an amount totalling $8,857.52, purportedly claimed by Western Union. However, no satisfactory explanation, denial of charges, or recognition of the filed police report was provided in conjunction with this claim. Contradictory claims emerged, with Western Union asserting that Plaintiff authorized a transaction amounting to $3,500, creating inconsistencies within the information presented.

19. PayPal additionally requested that Plaintiff return $1,800 on December 15, 2023 without providing any clarifications or reasons for the demand.

## COUNTS AGAINST DEFENDANT WELLS FARGO

## COUNT 1: FAILURE TO RESOLVE ERRORS (VIOLATIONS OF 15 U.S.C. § 1693f)

20. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19, above, as if more fully set forth herein.

21. Wells Fargo failed to resolve error related to $8,857.52 of the total amount of $36,170. Wells Fargo failed to resolve this error in ten days of receipt of notice and did not provisionally credit Plaintiff's account with $8,857.52. Defendant also failed to investigate the error in good faith, and it concluded that Plaintiff had authorized the transaction despite having evidence (Police Report and Plaintiff's testimony).

22. Wells Fargo failed to make a good faith investigation of the alleged unauthorized transactions and errors. Defendant Wells Fargo failed to investigate the Police Report which showed that the hacking occurred and similar hacking schemes by John Doe had occurred previously. Wells Fargo did not have a reasonable basis for believing that the consumer's account was not in errors.

23. Wells Fargo knowingly and willfully concluded that the Plaintiffs' account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation. On perusal of the Police Report, any reasonable person could not have concluded that there was no hacking activity and unauthorized electronic fund transfers.

24. Plaintiff is entitled to treble damages as per 15 U.S.C. § 1693m.

## COUNT 2: CONVERSION

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19, above, as if more fully set forth herein.

26. Plaintiff had ownership and the right to possession of the funds in his Wells Fargo account.

27. Defendant Wells Fargo, through its actions, wrongfully converted Plaintiff's funds by refusing to credit the entire amount of $36,170 that was deducted from Plaintiff's account due to unauthorized transactions.

28. Despite acknowledging the unauthorized transactions and crediting only $27,030.81, Wells Fargo withheld $8,857.52 without proper explanation or justification.

29. Wells Fargo's withholding of $8,857.52 represents a wrongful act and disposition of Plaintiff's property rights.

30. Plaintiff has suffered damages resulting from the conversion, as he is being deprived of the wrongfully withheld funds.

31. Plaintiff seeks restitution of the wrongfully converted amount, $8,857.52, and any further relief the Court deems just and proper.

## COUNT 3: NEGLIGENCE

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19, above, as if more fully set forth herein.

33. Wells Fargo owed a duty of care to Plaintiff in safeguarding his financial information and ensuring the security of his accounts.

34. Despite knowing about the unauthorized transactions, Wells Fargo failed to take timely and adequate measures to prevent or rectify the harm caused to Plaintiff.

35. Wells Fargo's negligent actions or omissions in addressing the security breach and unauthorized transactions directly contributed to the financial losses suffered by Plaintiff.

36. As a direct and proximate result of Wells Fargo's negligence, Plaintiff has suffered financial harm and damages.

37. Plaintiff seeks compensatory damages for the losses incurred due to Wells Fargo's negligent conduct.

   WHEREFORE, Plaintiff requests judgment against Defendant Wells Fargo on all counts as follows:

   a. Restitution in the amount of $8,857.52;

   b. Compensatory damages for financial harm suffered;

   c. Costs of suit and attorney's fees; and

   d. Treble damages pursuant to 15 U.S.C. § 1693m

   e. Such other and further relief as the Court may deem just and proper.

## COUNTS AGAINST DEFENDANT PAYPAL
## COUNT 4: UNJUST ENRICHMENT

38. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19 above, as if more fully set forth herein.

39. Fraudulent and unauthorized transfers of $3844.98 were made from hacking and unauthorized access to Plaintiff's PayPal account.

40. Defendant PayPal demanded $1,800 from Plaintiff without providing any explanation or justification as to why the amount is needed and hold's

8

Plaintiff's account in negative balance hindering Plaintiff's ability to conduct any transactions.

41. The amount that PayPal claims from Plaintiff is not what they are entitled to under any valid contractual or legal basis.

42. Defendant PayPal's unjust enrichment at the expense of Plaintiff is demonstrated by their retention of the $1,800 without proper justification.

43. Plaintiff seeks restitution of the unjustly enriched amount, $1,800, and any further relief the Court deems just and proper.

## COUNTS AGAINST DEFENDANT WESTERN UNION

## COUNT 5: UNJUST ENRICHMENT

44. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19, above, as if more fully set forth herein.

45. Defendant Western Union has been unjustly enriched by retaining $3,500 from Plaintiff, claiming that Plaintiff authorized a transaction, despite evidence to the contrary.

46. Plaintiff did not authorize the $3,500 transaction as evidenced by the police report filed with the St. Petersburg Police Department.

47. Despite the evidence against the authorization of the transaction, Western Union has refused to return the $3,500 and insists that Plaintiff willfully made the transaction.

48. The amount retained by Western Union is not what they are entitled to under any valid contractual or legal basis.

49. Defendant Western Union's unjust enrichment at the expense of Plaintiff is demonstrated by their retention of the $3,500 without proper justification.

### COUNT 6: CONVERSION

50. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19, above, as if more fully set forth herein.

51. The elements of a conversion claim include the plaintiff's ownership or right to possession of the property, the defendant's conversion by a wrongful act or disposition of property rights, and damages resulting from the conversion.

52. Defendant Western Union had access to Plaintiff's access devices, such as his account and the funds in his account.

53. By not returning $3,500 despite evidence against the authorization of the transaction, Western Union is committing conversion.

54. Plaintiff has suffered damages resulting from Western Union's conversion, as he is being deprived of the wrongfully retained funds.

  WHEREFORE, Plaintiff requests judgment against Defendant Western Union as follows:

  a. Restitution in the amount of $3,500;

  b. Compensatory damages for financial harm suffered;

      c. Costs of suit and attorney's fees; and

      d. Such other and further relief as the Court may deem just and proper.

<h2 style="text-align:center;">COUNTS AGAINST DEFENDANT JOHN DOE</h2>

<h2 style="text-align:center;">COUNT 7: CIVIL DAMAGES UNDER 18 U.S.C. § 1030(g) (AGAINST JOHN DOE)</h2>

55. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-19, above, as if more fully set forth herein.

56. Defendant John Doe, an unknown hacker, accessed Plaintiff's card and account information without authorization, violating 18 U.S. Code § 1030(a)(2).

57. Subsequent to gaining unauthorized access, John Doe utilized the obtained account information to conduct multiple unauthorized transactions totaling $36,170, in violation of 18 U.S. Code § 1030(a)(4).

58. Plaintiff has suffered economic damages as a result of the unauthorized access and transactions by John Doe.

59. Plaintiff seeks compensatory damages under 18 U.S. Code § 1030(g) for the economic damages suffered due to the unauthorized access and transactions conducted by John Doe.

    WHEREFORE, Plaintiff requests judgment against Defendant John Doe as follows:

      a. Compensatory damages for economic losses suffered;

    b. Costs of suit and attorney's fees; and

    c. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff claims and demands a jury trial.

Date: February 28, 2024.

                                                      MAH ADVISING PLLC
                                                      By: /s/ Michael A. Hurckes
                                                      Michael A. Hurckes, Esq.
                                                      Florida Bar No. 1040918
                                                      3030 N. Rocky Point Drive W., #150
                                                      Tampa, FL 33607
                                                      Tel.: (917) 791-0636
                                                      *Attorney for Plaintiff*